UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

EMPYREAN MEDICAL SYSTEMS, INC.,

    Plaintiff,

vs.

ITZIK ILUZ,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

Plaintiff, Empyrean Medical Systems, Inc., by and through its undersigned counsel, hereby sues Defendant, Itzik Iluz, for damages and declaratory relief, and alleges as follows:

*Parties, Jurisdiction, and Venue*

1. Plaintiff, Empyrean Medical Systems, Inc. ("Empyrean"), is a Delaware corporation that has its principal place of business in Palm Beach County, Florida.

2. Defendant, Itzik Iluz ("Iluz"), is an individual who is a citizen of Israel.

3. Iluz is subject to jurisdiction in Florida because, among other things, he performed the following acts:

    a. Operated, conducted, engaged in, or carried on a business or business venture in Florida or has an office or agency in Florida, including, without limitation Sensus Healthcare, Inc.;

Fox Rothschild LLP

    b. Committed a tortious act within Florida by, among other things, tortiously interfering with Empyrean's advantageous business relationships as set forth in greater detail below; and

    c. Engaged in substantial and not isolated activity within Florida.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a)(2), because this is a civil action between Empyrean, which is a citizen of a state (Delaware and Florida), and Iluz, who is a citizen of a foreign state (Israel), and the amount in controversy exceeds $75,000.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(b), as: (1) the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred; or, in the alternative, (2) a judicial district in which Iluz is subject to the court's personal jurisdiction.

### *Facts Common to All Counts*

6. Iluz and non-party Kal Fishman ("Fishman") were both previously employed by Sensus Healthcare, Inc. ("Sensus"), a Florida company that has its principal place of business in Boca Raton, FL.

7. After attending the 2018 American Society for Radiation Oncology Annual Meeting in San Antonio, TX ("ASTRO"), and while he was still working at Sensus, Iluz sat near Dr. Tatiana Rabin, who had also attended ASTRO, on a flight from the United States to Israel.

8. During that flight, Dr. Rabin mentioned to Iluz, in casual conversation, an invention on which her husband, Dr. Dror Alezra, was working.

9. During that flight and conversation, Dr. Rabin stated that Dr. Alezra was seeking assistance with raising capital to fund the implementation of his invention.

10. Iluz suggested to Dr. Rabin that she and Dr. Alezra should reach out to his colleague, Fishman in Boca Raton, FL, for assistance.

11. Iluz subsequently informed Fishman, who was in the United States, about the conversation he had with Dr. Rabin, and asked if Fishman would be interested in attending a meeting with Dr. Rabin and Dr. Alezra during Fishman's next visit to Israel.

12. In April 2019, Fishman did, in fact, attend a dinner meeting with Dr. Rabin, Dr. Alezra, and Iluz.

13. During their April 2019 dinner meeting, months before Empyrean had even been formed, Dr. Alezra, Dr. Rabin, and Fishman discussed Dr. Alezra's invention.

14. While Iluz attended that dinner meeting, he had no prior knowledge of the details or nature of Dr. Alezra's invention and did not even know what the invention was. Thereafter, Iluz had no other involvement and no further participation in the discussions between Fishman and Dr. Alezra.

15. Over the next several years, Fishman dedicated a significant amount of his time and efforts, as well as substantial amounts of private resources, to the planning and development of the technology and business model related to Dr. Alezra's invention, including, without limitation, working with The University of Texas MD Anderson Cancer Center, as well as addressing initial capital funding needs.

16. On January 2, 2020, Fishman incorporated Empyrean as the entity to be used, among other things, to continue development and implementation of Dr. Alezra's invention.

17. Iluz did not participate in Fishman's efforts to develop Dr. Alezra's invention, did not provide any input or resources to advance those efforts, did not assist or participate in the creation of Empyrean, and did not provide any meaningful assistance in raising capital.

18. Notwithstanding his lack of involvement or participation, beginning in 2020, *after Empyrean had already been formed*, Iluz started making unfounded and baseless demands for a substantial ownership interest in and compensation from Empyrean.

19. Iluz has also falsely claimed that there was an agreement that provided that he would be a co-founder or partner of Empyrean. No such agreement was ever reached.

20. Specifically, while Fishman initially considered hiring Iluz *as an employee* if a company was formed and was operating with a sales staff, he never agreed to and steadfastly rejected any suggestion that Iluz was a *co-founder* of Empyrean or would be a *partner* thereof. Moreover, Empyrean was ultimately precluded from even considering employing Iluz after Empyrean learned about Iluz's actions, including his actions as an employee of Sensus.

21. Notwithstanding the foregoing, now that Empyrean has completed its initial capital raise and it has become apparent that the project will be a major game-

changing breakthrough in cancer treatment, in an apparent effort to attempt to gain leverage, Iluz has now threatened to notify Empyrean's present and potential investors of and otherwise publicize his baseless claims to an ownership interest in and purported right to compensation from Empyrean.

22. Iluz has actual knowledge that his claims and threats are causing and will continue to cause serious harm to Empyrean, its efforts to continue development of the technology related to Dr. Alezra's invention, its contractual and business relationships, and its ability to raise additional needed capital.

23. Iluz's claims to an ownership interest in or right to compensation from Empyrean lack any factual basis or legal merit and his threats to publicize those claims are designed solely for purposes of harassment and to "shake-down" Empyrean.

24. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

25. Empyrean has retained undersigned counsel and is obligated to pay a reasonable fee for its services herein.

## COUNT I – DECLARATORY JUDGMENT

26. Empyrean realleges the allegations contained in paragraphs 1 through 25 above as if set forth more fully herein.

27. There is a bona fide dispute between Empyrean and Iluz as to the validity of Iluz's claims to entitlement to an ownership interest in and/or compensation from Empyrean.

28. Empyrean has a justiciable question as to the existence or non-existence of a right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may depend.

29. Empyrean is in doubt as to the right, status, immunity, power or privilege upon which Iluz's claims are based.

30. There is a bona fide, actual, present need for a declaration as to the validity of Iluz's claims to entitlement to an ownership interest in and/or compensation from Empyrean.

31. Accordingly, Empyrean is entitled to a declaratory judgment concerning the validity of Iluz's claims to entitlement to an ownership interest in and/or compensation from Empyrean, as well as any further necessary or proper relief against any party whose rights have been determined by such declaratory judgment.

32. Pursuant to Rule 58, Fed. R. Civ. P., Plaintiff requests that the Court order a speedy hearing.

WHEREFORE, Plaintiff, Empyrean Medical Systems, Inc., demands entry of a judgment in its favor and against Defendant, Itzik Iluz, for declaratory relief concerning the parties' rights and obligations with respect to Itzik Iluz's claims to entitlement to an ownership interest in and/or compensation from Empyrean Medical Systems, Inc., additional supplemental relief, an award of costs, and such other and further relief as this Court deems just and proper.

## COUNT II – TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP

33. Empyrean realleges the allegations contained in paragraphs 1 through 25 above as if set forth more fully herein.

34. Empyrean has an advantageous business relationship with various investors who intend to provide capital to Empyrean, all of whom are located in the United States.

35. Iluz has knowledge of Empyrean's advantageous business relationship with its investors.

36. Iluz intentionally and without justification threatened to publicize his false and unsupported claims of entitlement to an ownership interest in and compensation from Empyrean for the purpose of interfering with Empyrean's advantageous business relationships with its investors.

37. Iluz does not have a legitimate business reason for making the foregoing threats.

38. Empyrean has and/or will suffer damages as a result of Iluz's interference with its advantageous business relationships.

WHEREFORE, Plaintiff, Empyrean Medical Systems, Inc., demands entry of a judgment in its favor and against Defendant, Itzik Iluz, for damages, an award of costs, and such other and further relief as this Court deems just and proper.

DATED this 11th day of October, 2022.

>
> Fox Rothschild LLP
> 777 S. Flagler Drive
> Suite 1700 – West Tower
> West Palm Beach, FL 33401
> Tel: (561) 835-9600
>
> By: */s/ Amy S. Rubin*
>    Amy S. Rubin
>    Fla. Bar No. 476048
>    arubin@foxrothschild.com
>    wpbeservice@foxrothschild.com
>    David A. Greene
>    Fla. Bar No. 87629
>    dgreene@foxrothschild.com
>
> *Attorneys for Plaintiff, Empyrean Medical Systems, Inc.*