UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-81561-AMC

EMPYREAN MEDICAL SERVICES, INC.,

          Plaintiff,

vs.

ITZIK ILUZ,

          Defendant.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS
## [ECF No. 14]

Defendant moves to dismiss the Complaint for insufficient service of process. ECF No. 14; Fed. R. Civ. P. 12(b)(5). For the following reasons, the Motion should be DENIED.

"[A] party challenging sufficiency of service of process must specify the particular way or ways in which the serving party failed to satisfy the service-of-process rules. Once it does so, however, the plaintiff bears the burden of proving adequate service of process." *Fly Brazil Grp., Inc. v. The Gov't of Gabon, Afr.*, 709 F. Supp. 2d 1274, 1279 (S.D. Fla. 2010) (citations omitted). The Court may consider evidence outside the pleadings to resolve disputed issues of fact. *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009) (J. Ryskamp). "A signed return of service is *prima facie* evidence of proper service which can only be overcome by 'strong and convincing evidence.'" *Kosnitky v. Federal Deposit Ins. Corp*,

No. 10-23929-CIV, 2011 WL 13220935, at *1 (S.D. Fla. Sept. 8, 2011) (citation omitted) (J. Jordan). When the method of service is challenged, it is the plaintiff's burden to prove, by a preponderance of the evidence, that jurisdiction was, in fact, obtained over the defendant by timely and proper service of the summons and complaint. *Melchor-Garcia v. Dong Ying Corp.*, No. 12-22217-CIV, 2012 WL 6553986, at *1 (S.D. Fla. Dec. 14, 2012) (J. O'Sullivan) (citation omitted).

Plaintiff filed its Complaint on October 11, 2022. ECF No. 1. The Clerk of Court issued a summons to Itzik Iluz. ECF No. 4. On January 6, 2023, Plaintiff filed a Notice of Service of Process saying that the Summons and Complaint were delivered to Mr. Iluz at an address in Givatayim, Israel, by FedEx International delivery on December 22, 2022. ECF No. 6. Plaintiff asserted that this delivery was sufficient service of process because it satisfied Federal Rule of Civil Procedure 4(f)(1). *Id.* Plaintiff attached an affidavit of service and a printed FedEx proof-of-delivery saying that "D. Doorman" signed for the package on December 22, 2022. ECF No. 6-1. They also attached a written signature block. *Id.*

In the same Notice, Plaintiff said it had delivered the Complaint and Summons to Mr. Iluz at an address in Tel Aviv, Israel, by FedEx International delivery on January 5, 2023, and that Mr. Iluz had personally signed for the package. ECF No. 6. Plaintiff attached a printed FedEx proof-of-delivery saying that "I. Iluz" signed for the package at 11:56. ECF No. 6-2. No image of a signature is included. *Id.* Plaintiff asserted that this delivery was sufficient service of process because it satisfied Rules 4(f)(1) and 4(f)(2)(C)(i). *Id.*

Mr. Iluz moves to dismiss for insufficient service of process. In a sworn affidavit, he says he did not receive any FedEx packages on December 22, 2022, and that the address in Givatayim is not his address. ECF No. 20-1 ¶¶7, 9. He says that the signature on the proof-of-delivery for that date is the Hebrew word for "guard" or "doorman." *Id.* ¶6. He further swears that he did not live at the Tel Aviv address in January 2023 and that he had not authorized anyone at that address to accept mail for him at that address. *Id.* ¶¶11-14.

The parties agree that the relevant legal principles are found in Federal Rule of Civil Procedure 4(f) and Article 10(a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

> Rule 4(f) says:
>
> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) By any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) If there is no internationally agreed means, or if any international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) as prescribed by the foreign countries law for service in that country in an action in its courts of general jurisdiction;
> >
> > . . .
> >
> > (C) unless prohibited by the foreign country's law by:
> >
> > > (i) delivering a copy of the summons and of the complaint to the individual personally;

Fed. R. Civ. P. 4(f). Article 10(a) of the Hague Service Convention says:

3

> Provided the State of destination does not object, the present Convention shall not interfere with — (a) the freedom to send judicial documents, by postal channels, directly to persons abroad.

The U.S. Supreme Court has held that the Hague Service Convention does not prohibit service by mail and that Article 10(a) "encompasses sending documents for the purposes of service." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 276 (2017). The Supreme Court clarified that the Hague Service Convention did not authorize service by mail. Rather, "in cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.* at 284.

Plaintiff says Israeli law allows service by mail for actions in its courts of general jurisdiction. ECF No. 16 at 8 (quoting Article 161(3) of Israel's Civil Procedure Regulations, 5779-2018). Mr. Iluz does not dispute this legal principle. Rather, in his Reply, Mr. Iluz concedes that Plaintiff could properly serve him "directly through postal channels." ECF No. 20 at 2 ¶¶ 4, 5. He further concedes that service would be proper if the Court found that he was personally served on either December 22, 2023, or January 5, 2023. *Id.* at 3.[1] But, he argues Plaintiff did not personally serve him on either of those dates.[2]

---

[1] While Mr. Iluz assumes Federal Rule of Civil Procedure 4(f)(1) provides the framework for analyzing service under Article 10(a) of the Hague Convention, Rule 4(f)(2) also applies.

[2] Plaintiff also argues that Israeli law says, "if the documents are served by the clerk of the court, on his third visit to an address where no answer has been obtained, the clerk can post the document on the door of the intended recipient — and in this

4

There is not sufficient evidence that Mr. Iluz was personally served on December 22, 2022. Appended to Plaintiff's Response are (1) an affidavit from Omer Izhaki that he personally served Mr. Iluz on December 12, 2022, at the Givatayim address (ECF No. 16-2) and (2) several photographs with a date stamp of "*12/12/22.*" ECF No. 16-3.  The FedEx receipt shows that the package delivered on December 22, 2022, was not sent to Israel until December 19, 2022. The only document in the record relating to a delivery on December 22 is signed by "D. Doorman."  As such, Plaintiff has not met its burden of showing that Mr. Iluz was properly served with the Summons and Complaint at the Givatayim address on December 22, 2022.

Plaintiff has met its burden of showing personal service, pursuant to Rule 4(f)(2), on January 5, 2023. Plaintiff's Notice of Service of Process says the Summons and Complaint were personally served on Mr. Iluz by FedEx on January 5, 2023, at the Tel Aviv address. There is a printed FedEx proof-of-delivery showing that "I. Iluz" signed for a FedEx package on January 5, 2023, at the Tel Aviv address. ECF No. 16-6. The proof-of-delivery shows that the sender was Plaintiff's counsel. *Id.* A separate FedEx receipt shows that the content of the package was legal documents and that the sender requested the recipient's signature. ECF No. 16-5 at 2. Collectively, these documents are the equivalent of a return of service and therefore are sufficient to

---

case this is regarded as legal service of the documents." ECF No. 16 at 9. This argument fails for two reasons. First, Plaintiff relies only on a summary document from a non-governmental organization; it does not cite any provision of Israeli law. Second, the record reflects that the FedEx packages were mailed by Plaintiff's counsel, not by the clerk of the court. ECF Nos. 16-4 at 2; 16-5 at 2; *c.f. Appel v. Hayut*, No. 20 CIV 6265 (JPC), 2021 WL 2689059, at *6 (S.D.N.Y. June 30, 2021) (Clerk mailed summons and complaint to Israeli defendant).

establish *prima facie* evidence of personal service. *See* Fed. R. Civ. P. 4(l)(2)(B) (service under Rule 4(f)(2) can be proven by "other evidence satisfying the court that the summons and complaint were delivered to the addressee"); *TracFone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 631 (S.D. Fla. 2012) (FedEx proof of signature (or substantially equivalent document) sufficient proof that service has been effectuated pursuant to Fed. R. Civ. P. 4(l)(2)(B)).

To rebut this evidence, Mr. Iluz submitted an affidavit swearing he has not lived at the Tel Aviv address since October 2022 and that he did not authorize anyone to receive mail there on his behalf. Notably, he does not deny that he was served at that location on January 5, 2023. ECF No. 20-1 ¶¶ 11-14. As such, he has not submitted strong and convincing evidence to contradict Plaintiff's evidence that he was personally served on January 5, 2023.

## **REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court DENY the Motion to Dismiss.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the

district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 8th day of May 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE