UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-81561-CIV-CANNON/Reinhart

**EMPYREAN MEDICAL SYSTEMS INC.**,

    Plaintiff,

v.

**ITZIK ILUZ.**,

    Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION [ECF No. 21]**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss for Insufficient Service of Process (the "Motion") [ECF No. 14]. Following referral [ECF No. 17], Magistrate Judge Bruce E. Reinhart issued a report (the "Report") recommending denial of the Motion because Defendant failed to provide sufficient evidence to rebut Plaintiff's evidence showing that Defendant was personally served on January 5, 2023, via Fed-Ex delivery [ECF No. 21]. Defendant timely filed objections to the Report, raising the same arguments he raised in his Motion and Reply brief, namely, that he did not receive the Fed-Ex delivery of the complaint and summons [ECF No. 22]. Defendant also submitted additional evidence in the form of a new affidavit to support his objections [ECF No. 23]. The Court has reviewed the Motion and the full Record. For the following reasons, the Court **ACCEPTS** the Report [ECF No. 21] and Defendant's Motion to Dismiss [ECF No. 14] is **DENIED**.

CASE NO. 22-81561-CIV-CANNON/Reinhart

**BACKGROUND**

Plaintiff filed its two-count complaint based on tortious interference with a business relationship against Defendant on October 11, 2022 [ECF No. 1]. On December 16, 2022, there was no indication on the docket that Plaintiff had served Defendant [ECF No. 5]. As a result, the Court ordered Plaintiff to serve Defendant by January 9, 2023 [ECF No. 5]. Plaintiff timely filed a Notice on the docket indicating that it had served Defendant pursuant to Rule 4(f)(1) and (f)(2) of the Federal Rules of Civil Procedure and Article 10 of the Hague Contention by delivering a copy of the Complaint and Summons via Fed-Ex to Defendant at two separate addresses—one in Givatayim, Israel, and the other in Tel Aviv, Israel—on December 22, 2022, and January 5, 2023, respectively (hereinafter the "Givatayim Delivery" and "Tel Aviv Delivery") [ECF No. 6]. Plaintiff attached Fed-Ex delivery receipts in support of its assertion that it perfected service on Defendant through these two deliveries [ECF Nos. 6-1, 6-2]. The Givatayim Delivery receipt showed that someone named "D. DOORMAN" signed for the Fed-Ex package on December 22, 2022 [ECF No. 6-1 p. 2]. The Givatayim Delivery receipt also included a signature [ECF No. 6-1 p. 3]. The Tel Aviv Delivery receipt showed that "I. ILUZ" signed for the Fed-Ex package [ECF No. 6-2 p. 2]. Unlike the Givatayim Delivery receipt, however, the Tel Aviv Delivery Receipt did not include a signature page [*see* ECF No. 6-2].

On January 30, 2023, Plaintiff moved for the entry of a Clerk's Default because Defendant had not responded to the Complaint within the time allowed by law [ECF No. 7]. The Clerk entered default [ECF No. 8], after which Defendant filed a Notice of Limited Appearance "for the sole purpose of challenging the insufficiency of service of process and/or personal jurisdiction" [ECF No. 11].[1] Defendant filed the instant Motion to Dismiss pursuant to Rule 12(b)(5) of the

---

[1] Although Defendant's Notice of Limited Appearance asserted that Defendant would challenge

Federal Rules of Civil Procedure, arguing that Plaintiff failed to perfect service of process on Defendant [ECF No. 14]. Defendant's motion boils down to two arguments: (1) Plaintiff could not perfect service on Defendant in Israel via Fed-Ex under Article 10(a) of the Hague Convention; and (2) there was no proof of personal delivery of the Fed-Ex packages on Defendant [ECF No. 14 p. 6]. In support of his Motion, Defendant attached a sworn affidavit to his Reply brief (the "First Affidavit"), which states that Defendant "did not receive any Federal Express packages for which [he] signed for and personally received from Federal Express on December 22, 2022 [the Givatayim Delivery]" [ECF No. 20-1 p. 3]. The First Affidavit also asserts that, "[s]ince October of 2022, [Defendant] no longer resides at his apartment in Tel Aviv at Hayarkon Street where service was purportedly made [via the Tel Aviv Delivery]" [ECF No. 20-1 p. 3]. Notably, in contrast to the affidavit's assertion that Defendant did not receive and sign for the Givatayim Delivery, the affidavit made no such assertion regarding the Tel Aviv Delivery [*see* ECF No. 20-1].

In his Report, Judge Reinhart rejected both arguments raised by Defendant as to why Plaintiff failed to perfect service of process. With respect to Defendant's view that he could not be served via Fed-Ex, Judge Reinhart relied on the Supreme Court's decision in *Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017), in determining that Plaintiff could serve Defendant in Israel via Fed-Ex delivery [ECF No. 21 p. 4]. Judge Reinhart then determined that while Plaintiff had not perfected service of process on Defendant via the Givatayim Delivery, Plaintiff had done so via the Tel Aviv Delivery [ECF No. 21 pp. 5–6]. Judge Reinhart came to this conclusion because

---

personal jurisdiction, Defendant's initial Motion to Dismiss only challenged the sufficiency of service of process pursuant to Rule 12(b)(5) [ECF No. 14]. After Judge Reinhart issued the Report recommending denial of Defendant's Rule 12(b)(5) motion [ECF No. 21], Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) [ECF No. 27]. The Court denied Defendant's Rule 12(b)(2) motion because Defendant waived his personal jurisdiction argument by failing to raise it in his initial Rule 12 motion [ECF No. 28 (relying on Fed. R. Civ. P. 12(h)(1) and (g)(2))].

3

(1) the Tel Aviv Delivery Receipt indicated that Defendant had signed for the package [ECF No. 21 p. 5]; and (2) Defendant's First Affidavit "does not deny that [Defendant] was served at [the Tel Aviv address] on January 5, 2023" [ECF No. 21 p. 6]. Accordingly, Judge Reinhart determined that Defendant "has not submitted strong and convincing evidence to contradict Plaintiff's evidence that [Defendant] was personally served on January 5, 2023" [ECF No. 21 p. 6].

Defendant timely filed objections to the Report [ECF No. 22] and attached an additional affidavit (the "Second Affidavit") that explicitly states that no package "was personally received by [Defendant] on January 5, 2023" [ECF No. 23 p. 9]. The Report is ripe for adjudication [ECF Nos. 21, 22, 23, 26].

## LEGAL STANDARDS

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews *de novo* those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

Defendant's objections largely reiterate his arguments in the Motion to Dismiss and Reply [ECF Nos. 14, 20; *see* ECF No. 26 p. 4 (noting that entire Memorandum of Law Section in Defendant's Objections is virtually identical to the Memorandum of Law Section in Defendant's Motion). *Compare* ECF No. 22 pp. 5–8, *with* ECF No. 14 pp. 3–7]. Defendant continues to argue that delivery via Fed-Ex is not allowed under Article 10(a) of the Hague Convention, and that there is no proof of delivery upon Defendant of either the Givatayim Delivery or Tel Aviv Delivery [ECF No. 22 p. 8]. Defendant also relies on his Second Affidavit to show what he describes as "a clear, unequivocal denial that [he] signed for the package on January 5, 2023" to correct what he asserts is an erroneous oversight on Judge Reinhart's part [ECF No. 22 pp. 4–5]. For the following reasons, the Court overrules Defendant's Objections and accepts the Report in full.

As Judge Reinhart accurately points out in the Report, the Supreme Court has held that Article 10(a) of the Hague Convention "encompasses service by mail." *Water Splash*, 581 U.S. at 284. Although "this does not mean that the Convention affirmatively *authorizes* service by mail," "service by mail is [nevertheless] permissible [under Article 10(a)] if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.* (italics in original). As Defendant concedes in his Objections, the first condition is satisfied because Israel has not objected to service by mail [ECF No. 22 p. 7 ("'Since Israel has not objected to Article 10(a) of the [Hague] Convention, service through international registered mail remains an acceptable method of serving [the defendant], an individual defendant who resides in Israel.'" (quoting *Treeline Inv. Partners, LP v. Koren*, No. 07 CIV 1964, 2007 WL 1933860, at *5 (S.D.N.Y. July 3, 2007))]. The second condition from *Water Splash* is satisfied too; as Plaintiff observes, and as Defendant does not

dispute, Article 161(3) of Israel's Civil Procedure Regulations, 579-2018, explicitly authorizes service by mail [ECF No. 16 p. 8; ECF No. 26 p. 12]. Thus, both conditions of *Water Splash* are met, and Plaintiff could perfect service of process on Defendant in Israel via Fed-Ex delivery.

Having determined that Plaintiff could serve Defendant via Fed-Ex, the Court now addresses Defendant's argument that the Report "erroneously discounted [Defendant's First Affidavit] and/or did not consider Defendant's statements as a denial that service was made sufficient to overcome what the Magistrate erroneously labeled as prima facie evidence [of delivery]" [ECF No. 22 p. 4]. To begin, the Court disagrees with Defendant's assertion that Judge Reinhart erroneously determined that Plaintiff had established prima facie evidence that the Tel Aviv Delivery was in fact delivered to Defendant. Plaintiff provided a Fed-Ex delivery receipt that indicated Defendant signed for the package in Tel Aviv on January 5, 2023 [ECF No. 21 p. 5]. Although the Tel Aviv Delivery receipt did not include an attached signature, it did state that Plaintiff's lawyer sent the package and that "I. ILUZ" (Defendant) signed for the package [ECF No. 6-2]. A separate exhibit attached to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss showed that the contents of the Tel Aviv Delivery were "legal documents" [ECF No. 16-5]. Thus, Judge Reinhart correctly concluded that Plaintiff provided prima facie evidence that Plaintiff served Defendant on January 5, 2023 [ECF No. 21 pp. 5–6].

Judge Reinhart also correctly determined that Defendant's First Affidavit did not directly dispute that Defendant personally received and signed for the Tel Aviv Delivery. The First Affidavit merely asserted that Defendant did not live at the Tel Aviv address at the time of delivery—not that he did not personally receive the delivery [ECF No. 20-1 p. 3; ECF No. 21 p. 6]. This assertion was in contrast to the related assertion—in that same First Affidavit—that Defendant did not personally receive or sign for the Givatayim Delivery [ECF No. 20-1 p. 3].

6

Accordingly, the Court finds no error in the Report's determination that Defendant did not submit "strong and convincing evidence to contradict Plaintiff's evidence that [Defendant] was personally served on January 5, 2023" [ECF No. 21 p. 6].

This leaves for consideration Defendant's Second Affidavit, filed after Judge Reinhart issued the Report [ECF No. 23 pp. 4–5]. On that issue, the Court exercises its discretion in this instance not to consider the contents of the post-Report affidavit in ruling on the Report. The issue of service of process was directly before the Magistrate Judge, who received pertinent evidence from both parties. The information provided in the Second Affidavit was available to Defendant at the time he signed the First Affidavit. And Defendant offers no explanation for why he could not have timely supplied the information contained in the Second Affidavit. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). In this circumstance, "'it would be fundamentally unfair to permit [Defendant] to set [his] case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.'" *Id.* (quoting *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)).

## CONCLUSION

For the foregoing reasons, the Court finds the Report [ECF No. 21] to be well-reasoned and correct. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 21] is **ACCEPTED**.

2. Defendant's Motion to Dismiss for Insufficient Service of Process [ECF No. 14] is **DENIED**.

7

3. **On or before August 23, 2023**, Plaintiff shall file an Amended Complaint to correct the spelling of Defendant's name.

4. On or before **September 8, 2023**, Defendant shall file an answer to the Complaint.

5. The Clerk is directed to update the spelling of the Defendant's first name in the caption of the case to "Yitchak Iluz" [ECF No. 14 p. 1; ECF No. 22 p. 1].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 18th day of August 2023.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record